ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2021-Feb-26 09:01:09
60CV-21-1452
C06D04 : 7 Pages

# IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

**MYRA JOHNSON**                                                    **PLAINTIFF**

**VS.**                          **NO._____**

**WALMART INC., a/k/a WAL-MART**
**STORES ARKANSAS, LLC,**
**d/b/a WALMART SUPERCENTER**                       **DEFENDANT**

## COMPLAINT

COMES NOW the Plaintiff, Myra Johnson, by and through her attorney David A Hodges, and for her cause of action against Defendant, states:

### JURISDICTION AND VENUE

1. The Circuit Court of Pulaski County, Arkansas, has jurisdiction of this case because of the fact the Plaintiff is seeking relief against the Defendant in this civil proceeding, thereby giving this court jurisdiction under Ark. Const. Amend. 80 § 6 and Ark. Code Ann. § 16-60-101.

2. The venue for this action is proper in Pulaski County, Arkansas pursuant to the provisions of Ark. Code Ann. § 16-60-101, et seq.

### PARTIES

3. Plaintiff Myra Johnson was at all times relevant herein, a citizen and resident of Little Rock, Pulaski County, Arkansas.

4. Defendant Walmart Inc., a/k/a Wal-Mart Stores Arkansas, LLC d/b/a Walmart Supercenter hereinafter referred to as "Walmart" or

"Defendant") is a domestic for-profit company licensed to do business in Arkansas. Defendant's registered agent is CT Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201. Defendant owns and operates a grocery and home goods store located at 19301 Cantrell Road, Little Rock, Pulaski County, Arkansas 72223 (Store number 5244), and does business as "Walmart Supercenter."

## FACTUAL BACKGROUND

5. On or around April 7, 2019 Plaintiff was hired by Walmart.

6. Around July, 2019 Plaintiff reported a co-worker's conduct. After that time the co-worker was discharged. Walmart did not escort the co-worker off the property and such co-worker did attack Plaintiff while Plaintiff was working on the floor.

7. Walmart investigated Plaintiff's allegations of the attack and assigned Plaintiff to work in another area of the store. This reassignment changed Plaintiff's work schedule and greatly reduced her working hours.

8. Plaintiff was discharged from Walmart on or around December 6, 2019.

9. Plaintiff subsequently filed a discrimination charge with the Equal Employment Commission ("EEOC") on or about December 11, 2020 alleging

the discrimination and retaliation that took place during her employment at Walmart from April 1, 2019 until December 6, 2019.

10. Plaintiff's charge of discrimination was dismissed by the EEOC on or about December 22, 2020 for untimely filing and Plaintiff was thus issued a "Notice of Suit Rights" in which Plaintiff has ninety (90) days from the time she received such notice to file her suit in federal or state court.

11. Plaintiff believes she was harassed, reassigned, her schedule changed, her hours reduced, and subsequently discharged because of her age, forty-six (46), in violation of the Age Discrimination in Employment Act of 1967, as amended; as well as because of her race, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Arkansas Civil Rights Act of 1993; and further, that her discharge and the actions taken against her were in retaliation for her reporting her co-worker, in violation of Title VII of the Civil Rights Act of 1964 and the Arkansas Civil Rights Act of 1993.

## COUNT I
## AGE DISCRIMINATION

12. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in the preceding paragraphs, inclusive, of the Complaint as a part of this Count.

13. Under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., it is unlawful to discriminate against an employee because of that employee's age.

14. Defendant's conduct was a willful violation of the ADEA.

16. As a direct result of Defendant's unlawful conduct in violation of the ADEA, Plaintiff has suffered loss of past and future income.

17. As a direct result of Defendant's willful and unlawful conduct, Plaintiff is entitled to damages.

## COUNT II
## RACE DISCRIMINATION

18. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in the preceding paragraphs, inclusive, of the Complaint as a part of this Count.

19. Under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., it is unlawful for an employer to discriminate against an employee because of that employee's race.

20. Defendant's conduct was a willful violation of Title VII.

21. As a direct result of Defendant's race-based discrimination against Plaintiff in violation of Title VII, Plaintiff has suffered loss of past and future income.

22. As a direct result of Defendant's willful and unlawful conduct, Plaintiff is entitled to damages.

23. Defendant's conduct was also race discrimination in violation of Arkansas Civil Right Act ("ACRA"), A.C.A. § 16-123-107.

24. Plaintiff was subjected to discrimination based on her race by Defendant in violation of ACRA.

25. As a direct result of Defendant's willful and unlawful conduct, Plaintiff is entitled to back pay, interest on back pay, and the cost of reasonable attorney's fees. Plaintiff is also entitled to compensatory and punitive damages.

## COUNT III
## RETALIATION

26. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in the preceding paragraphs, inclusive, of the Complaint as a part of this Count.

27. Under the ACRA, A.C.A. § 16-123-108, it is unlawful for an employer to discriminate against an employee "because the individual in good faith made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

28. The ACRA makes it unlawful for an employer to interfere with the employee's "exercise or enjoyment of, or on account of his or her having exercise or enjoyed... any right granted or protected by this subchapter."

29. Defendant willfully violated these provisions of the ACRA when Defendant substantially altered Plaintiff's work environment after Plaintiff make justifiable complaints against her co-workers.

30. As a direct result of Defendant's willful and unlawful conduct, Plaintiff is entitled to back pay, interest on back pay, and the cost of reasonable attorney's fees. Plaintiff is also entitled to compensatory and punitive damages.

## DAMAGES

31. Plaintiff is entitled to compensatory damages and other equitable relief based on Plaintiff's claims of discrimination based on the ADEA and Title VII.

32. A.C.A. § 16-123-107(c) provides that Plaintiff, as an individual injured by employment discrimination by an employer, is entitled to affirmative relief, back pay, interest on back pay, possible litigation and reasonable attorney's fees, and compensatory and punitive damages.

33. Plaintiff requests this relief from the court.

## DEMAND FOR JURY TRIAL

34. Pursuant to Rule 38 of the Arkansas Rules of Civil Procedure, the Plaintiff respectfully demands a jury trial on any and all issues triable of right by jury.

MYRA JOHNSON, PLAINTIFF

By: _____
DAVID A. HODGES
Attorney at Law
212 Center Street, Fifth Floor
Little Rock, AR 72201-2429
Arkansas Bar No. 65021
Telephone: 501-374-2400
E-Mail: david@hodgeslaw.com