IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MYRA JOHNSON**                                                                                    **PLAINTIFF**

v.                                            No. 4:21-cv-558-JM

**WALMART INC., a/k/a WAL-MART
STORES ARKANSAS, LLC, d/b/a
WALMART SUPERCENTER**                                               **DEFENDANT**

## ORDER

Plaintiff Myra Johnson ("Johnson") brings this action against her former employer, Walmart Inc. ("Walmart") alleging age discrimination, race discrimination and retaliation. Walmart has filed a motion for summary judgment, and the matter is ripe for determination.

Johnson began her employment with Walmart on April 9, 2019 as a CAP Team Associate. On July 2, 2019, Johnson made a report to Walmart that associate Tayvionna Blade threatened her. Blade was terminated on the same day and subsequently attacked Johnson while she was performing her job duties as a Walmart employee. After the attack, Johnson was transferred within Store 5244 to a Salesfloor Team Associate. Johnson argues that the transfer was not voluntary. While Johnson was working as a Sales Floor Team Associate, Walmart claims that Johnson accumulated more that the allowed number of attendance points during a rolling six month period in violation of the Walmart Attendance and Punctuality Policy. Johnson was terminated on or about December 6, 2019.[1] Johnson filed her charge of discrimination with the EEOC alleging age and race discrimination on December 11, 2020.

Summary judgment is appropriate only when the evidence, when viewed in the light most

---

[1] Walmart claims that Johnson was terminated on December 3, 2019, Johnson claims her termination date was December 6, 2019. Viewing the facts in Johnson's favor, the Court will apply the December 6, 2019 termination date.

favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the defendant is entitled to entry of judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex*, at 323. The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial.

<u>Exhaustion</u>

Johnson asserts claims of age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA") and the Arkansas Civil Rights Act of 1993 ("ACRA"), race discrimination in violation of Title VII of the Civil Rights of 1964 (as amended) ("Title VII") and ACRA, and retaliation under Title VII and the ACRA.

Both Title VII and the ADEA require that an employee complaining of discrimination file a charge of discrimination with the EEOC within 180 days of an allegedly unlawful employment practice. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) (Title VII); *Shelton v. Boeing Co.*, 399 F.3d 909, 912 (8th Cir. 2005) (ADEA). "Allegations outside the scope of the EEOC charge … circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed." *Kells v. Sinclair Buick-GMC Truck, Inc.*, 210 F.3d 827, 836 (8th Cir. 2000), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011) (citation omitted).

Johnson admits that she was terminated on December 6, 2019 and that she filed her charge of discrimination with the EEOC alleging age and race discrimination on December 11, 2020.  The deadline for Johnson to have filed a timely EEOC charge was June 3, 2020.  Further, Johnson's EEOC charge did not include an allegation of retaliation.  She argues that her retaliation claim is part of her claims for age and race discrimination.

It is undisputed that Johnson failed to file her Charge of Discrimination within 180 days as required. Johnson alleges equitable tolling or equitable estoppel should apply. Regardless of the applicability of these doctrines, Johnson's failure to list retaliation in her initial charge precludes advancing on this claim. *See, Richter v. Advance Auto Parts, Inc.,* 686 F.3d 847, 851-52 (8th Cir.2012*) (per curiam)*(noting that retaliation claims are not reasonably related to underlying discrimination claims and that each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice for which a separate charge is required).

> "[E]quitable tolling is appropriate when the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his claim." *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1328 (8th Cir. 1995) (quoting *Chakonas v. City of Chicago*, 42 F.3d 1132, 1135 (7th Cir. 1994) ). The doctrine of equitable tolling "does not require any misconduct on the part of the defendant." *Id.* We ask whether a "reasonable person" in a plaintiff's situation would have been aware of the existence of a claim. *See id.* at 1329. The doctrine of equitable estoppel, however, "comes into play when a defendant takes active steps to prevent a plaintiff from suing on time." *Id.* (quoting *Chakonas*, 42 F.3d at 1136).

*Kirklin v. Joshen Paper & Packaging of Arkansas Co.,* 911 F.3d 530, 534–35 (8th Cir. 2018). Equitable estoppel applies only where "the employee's failure to file in timely fashion is the consequence of either a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge." *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1329 (8th Cir. 1995), (citations omitted).

Johnson argues that Walmart did not inform her of her rights and her worker's compensation claim and ethics proceeding relating to the Blade incident were closed without findings. Further, Johnson argues Walmart failed to cooperate in her attempts to bring criminal charges regarding the incident with Blade. Even if true, these acts in no way relate to or thwarted Plaintiff from timely filing her EEOC charge relating to her termination in December

3

2019.  Other than her conclusory and self-serving affidavit, Plaintiff has failed to identify any facts demonstrating that she was unable, despite due diligence, to obtain vital information relating to her claims of discrimination.  *See, Wallace v. Bryant Sch. Dist*., 46 F.Supp.2d 863(E.D. Ark. 1999) ( a nonmoving party's self-serving affidavit, without any other independent evidence is insufficient to defeat a motion for summary judgment).  Additionally, she failed to present any proof of a "deliberate design" by Walmart that would cause her to delay in filing her charge.   As such, the doctrines of equitable tolling and equitable estoppel are not applicable and Johnson's EEOC charge filed 191 days past the deadline to file, precludes her actions herein.  Because Johnson's EEOC charge was untimely filed, she cannot rely on it to support the timeliness of her ACRA claim.  *Duty v. Norton-Alcoa Proppants,* 293 F.3d 481, 489-90 (8th Cir. 2002), *see also*, *Kirklin*, 911 F. 3d at 537.

For these reasons, Defendant's motion for summary judgment (Doc. No.28) is GRANTED.  A separate judgment will be entered dismissing the complaint with prejudice.

IT IS SO ORDERED 12th day of July, 2023.

_____
UNITED STATES DISTRICT JUDGE